UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
GREAT AMERICAN INSURANCE COMPANY, a/s/o  :
Seed Health, Inc.,                       :
                                         :     21cv4924 (DLC)
                    Plaintiff,           :
                                         :     ORDER
               -v-                       :
                                         :
FASTWAY DELIVERY SERVICE, INC.,          :
                                         :
                    Defendant.           :
                                         :
----------------------------------------X

DENISE COTE, District Judge:

    On June 3, 2021, Great American Insurance Company, as subrogor of Seed Health, Inc., filed this action, asserting jurisdiction pursuant to the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 et seq.  The Carmack Amendment imposes liability for damage caused during motor carriage by domestic motor carriers providing transportation or service subject to the jurisdiction of the Surface Transportation Board.  Id. § 14706(a)(1).  On August 26, defendant Fastway Delivery Service, Inc. filed a motion to dismiss the complaint in its entirety pursuant to Rule 12(b)(6), Fed. R. Civ. P.  The plaintiff was given an opportunity to amend its complaint and declined to do so.  The motion became fully submitted on September 29.  For the reasons explained below and on the record

at a conference held telephonically on September 30, it is hereby

ORDERED that the above-captioned action is dismissed. This Court has no jurisdiction pursuant to the "continuous movement" exception to the Carmack Amendment, which states in relevant part:

> Neither the Secretary nor the Board has jurisdiction under this part over transportation of property (including baggage) by motor vehicle as part of a continuous movement which, prior or subsequent to such part of the continuous movement, has been or will be transported by an air carrier.

49 U.S.C. § 13506(a)(8)(B). The plaintiff's complaint does not plausibly allege that the shipment at issue was not "part of a continuous movement" by air from Spain to the United States. See Honickman v. BLOM Bank SAL, 6 F.4th 487 (2d Cir. 2021) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

IT IS FURTHER ORDERED that in the event the shipment from John F. Kennedy Airport to the plaintiff in New Jersey may be properly separated from travel by air, the action is dismissed pursuant to the "municipal commercial zone" exception to the Carmack Amendment, which states in relevant part:

> Except to the extent the Secretary or Board, as applicable, finds it necessary to exercise jurisdiction to carry out the transportation policy of section 13101, neither the Secretary nor the Board has jurisdiction under this part over transportation provided entirely in a municipality, in contiguous municipalities, or in a zone that is adjacent to, and commercially a part of, the municipality or

> municipalities, except when the transportation is under common control, management, or arrangement for a continuous carriage or shipment to or from a place outside the municipality, municipalities, or zone.

49 U.S.C. § 13506(b)(1). Title 49 of the Code of Federal Regulations defines the relevant area under this provision:

> The zone adjacent to, and commercially a part of, New York, NY, within which transportation by motor vehicle, in interstate or foreign commerce, not under common control, management, or arrangement for shipment to or from points beyond such zone is partially exempt from regulation under 49 U.S.C. 13506(b)(1), includes and is comprised of all points as follows: The municipality of New York, NY, itself; [a]ll points within a line drawn 20 miles beyond the municipal limits of New York, NY.

49 C.F.R. § 372.235(b). The cargo at issue was transported from New York, NY to New Brunswick, NJ, a point located roughly 14 miles from the New York municipal limits.

IT IS FURTHER ORDERED that, the plaintiff having asserted no other ground for subject matter jurisdiction, the Clerk of Court is ordered to close the case.

SO ORDERED:

Dated:   New York, New York
         October 4, 2021

                              _____
                                      DENISE COTE
                              United States District Judge

3